Freling Smith, Esq. Town Attorney, Schodack
I am writing in response to your request for an Attorney General's opinion as to whether a town official appointed to an Industrial Development Agency (IDA) vacates the position on the agency at the time he or she ceases to hold the town office.
Pursuant to article 18-a of the General Municipal Law (§§ 850-888), in June, 1980 the Legislature established an Industrial Development Agency for the Town of Schodack (L 1980, ch 623; General Municipal Law, § 925-1). The enabling legislation provided that members of the IDA "shall be appointed by the governing body of the Town of Schodack" (ibid.). As stated in your letter, in November of 1980 three persons were appointed as members of the Schodack IDA by resolution of the Schodack Town Board. At the time of the resolution, one of these individuals was the Supervisor of the Town of Schodack and another was a town councilman. The certificates of appointment were for an indefinite term and were duly filed in the Secretary of State's Office. Since that time, the councilman's term of office expired on December 31, 1981, and the Supervisor's term of office expired on December 31, 1985. You have asked whether these persons may continue to sit on the IDA upon ceasing to hold the town offices.
Section 856 of the General Municipal Law provides for the organization of IDAs. Subdivision 4 of this section describes the IDA membership in the following way:
 "Any one or more of the members of an agency may be an official or an employee of the municipality. In the event that an official or an employee of the municipality shall be appointed as a member of the agency, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. The term of office of a member of an agency who is an official or an employee of the municipality when appointed as a member thereof by special act of the legislature creating the industrial development agency shall terminate at the expiration of the term of his municipal office" (General Municipal Law, § 856[4]).
The issue is whether this termination language applies to all IDA members who were municipal officers at the time of their appointment, or whether it applies to some more restricted group of municipal officials who serve as IDA members. The provision in section 856 referring to those IDA members appointed "by special act of the legislature" is somewhat ambiguous because, as a matter of fact, the special acts of the Legislature creating the IDAs (General Municipal Law, §§ 890, et seq.) do not name individual persons as IDA members. Nor do the legislative histories of these sections clarify the ambiguity (Bill Jackets, L 1969, ch 1030; id., L 1980, ch 623).
We believe that the termination requirement of section 856 was not meant to apply only to persons who are named in the enabling act. This is based on our belief that at the time the law was enacted the Legislature did not intend that individual persons were to be named as IDA members in the enabling acts. IDAs are essentially local entities, serving local needs, and it would be unusual if the nominations for the dozens of IDAs were done at the State level.
This is borne out by an examination of the enabling acts, none of which name individuals as IDA members. With two exceptions, all of the enabling acts place the authority to appoint IDA members with the municipality (General Municipal Law, §§ 890, et seq.). The enabling acts for the Erie County IDA (id., § 891-a) and the New York City IDA (id., § 917), specifically list municipal offices whose occupants are members of the IDAs.* Other than these ex officio members, appointments are made either by the municipal governing body (see, e.g., id., § 890) or by a particular municipal officer, such as the mayor (see, e.g., id., § 902-c).
Nor do we believe that the termination language applies to ex officio members of IDAs. For example, the Erie County enabling act states that the Erie County executive is to be a member of the Erie County IDA. When this individual leaves the office of county executive, he ceases to be a member of the IDA by operation of the enabling act (id., § 891-a). The provisions of section 856 are superfluous as to ex officio members of IDAs because their terms expire when they no longer occupy the named office. As a general rule of statutory interpretation, those interpretations that render a statute meaningless or superfluous are to be avoided (Rosado v Wyman, 397 U.S. 397, 414-415 [1970]; Marsano vLaird, 412 F.2d 65, 70 [2d Cir, 1969]).
In our opinion, section 856 applies to persons who were municipal officers at the time of their appointment to the IDA. It is not unreasonable to presume that a significant part of the reason these persons were named to the IDA was the fact that they held a municipal office. When they vacate their municipal office, this reason for membership no longer exists. This, we believe, is the purpose served by the termination provisions of section 856 of the General Municipal Law. The language "appointed as a member thereof by special act of the legislature creating the [IDA]" can reasonably be said to include those who were appointed pursuant to the special act of the Legislature; here the enabling act gave the appointment power to the town board. Those who are thus chosen by the town board can be said to be chosen by operation of the special legislative act.
We conclude that a town official appointed to an Industrial Development Agency vacates the position on the agency at the time he or she ceases to hold the town office.
* A partial listing of the municipal officers who are members of the Erie County IDA includes the following:
 "its members shall consist of the Erie county executive, the mayor of the city of Buffalo, the supervisor of the town of Tonowanda, the supervisor of the town of Cheektowaga, the supervisor of the town of Amherst . . ." (General Municipal Law, § 891-a).
New York City's enabling act includes the following provision regarding membership:
 "Among its membership shall be the city comptroller, the city adminstrator of the economic development adminstration, the corporation counsel of such city and the chairman of the city planning commission of such city . . ." (id., § 917).